COBB, Chief Justice
(concurring specially).
I concur with the majority to deny the writ, and I write specially to note my concerns that the plain language of the statute making Detra Lyniece Catlin’s offense a capital one, Ala.Code 1975, § 13A-5-40(a)(16), often, as applied to a particular set of facts, does not reflect the legislature’s intent and sometimes leads to an absurd result, as is illustrated by the present case.
At the trial of this case, the State presented evidence indicating that Catlin was involved with the victim in a verbal altercation that began inside the four walls of a dwelling. After or at some point during the altercation, Catlin stepped through the front doorway of the dwelling and onto the front porch before turning and firing a shot into the living room of the dwelling, striking and killing the victim. Catlin was convicted under § 13A-5-40(a)(16) of murder made capital because Catlin committed the murder by or through the use of a deadly weapon fired or otherwise used from outside a dwelling while the victim was in a dwelling.
In 2006, the Alabama Legislature passed a joint resolution, Act No. 2006-642, Ala. Acts 2006 (“the 2006 joint resolution”), in response to a case in which the defendant was convicted of capital murder for violating Ala.Code 1975, § 13A-5-40(a)(18), by killing the victim while the defendant was in a vehicle and the victim was not, although the vehicle was in no way related to the commission of the offense. There was no indication that the murder was gang-related. The 2006 joint resolution stated:
“[I]n the early 1990’s there was a public outcry against so called drive-by shootings that were murder committed by or through the use of a deadly weapon fired or otherwise used within or from a vehicle which murders were gang-related or intended to incite public terror or alarm; and
“[I]n response to the foregoing concerns, the Legislature in 1992 passed Act 92-601 of the 1992 Regular Session (Acts 1992, p. 1247), amending Section 13A-5-40, Code of Alabama 1975, to, among other things, add a subdivision (18) to make murder committed by or through the use of a deadly weapon fired or otherwise used within or from a vehicle as a capital offense.”
The 2006 joint resolution then urged the attorney general and district attorneys to use care in charging capital murder under that section and urged this Court and the Court of Criminal Appeals to narrowly interpret that section. Among the “other things” accomplished by Act No. 92-601, Ala. Acts 1992, the act the 2006 resolution addressed, was the enactment of § 13A-5-40(a)(16), which makes it a capital offense to commit murder “by or through the use of a deadly weapon fired or otherwise used from outside a dwelling while the victim is in a dwelling.”
“The touchstone of legislative construction is to ascertain and effectuate the intent of the legislature as expressed in the statute.” Horn v. Citizens Hosp., 425 So.2d 1065, 1070 (Ala.1982) (emphasis added). This Court gives effect to the intent of the legislature as expressed in the plain, *608 unambiguous language of the statute. Jefferson County Comm’n v. Edwards, 32 So.3d 572, 586 (Ala.2009). “A resolution is not a law but merely the form in which the Legislature expresses an opinion. The Legislature has no power to make laws by resolution. Hall v. Blan, 227 Ala. 64, 148 So. 601 (1933).” Gunter v. Beasley, 414 So.2d 41, 43 (Ala.1982).
The plain language of the statute in question, § 13A-5-40(a)(16), like the language of § 13A-5-40(a)(18), the statute addressed in the 2006 joint resolution, contains nothing to restrict its application to killings that are “gang-related or intended to incite public terror or alarm.” Thus, despite the legislature’s intent as expressed in the 2006 joint resolution, we cannot amend the statute to make it apply only in such cases.[1] As a result, § 13A-5-40(a)(16) is often applied in cases such as this, where there is no indication that the murder made capital by the statute was “gang-related or intended to incite public terror.” The murder in this case is made a capital offense merely because Catlin stepped across the threshold of the front door of the residence and onto the porch before firing the fatal shot. This result is somewhat absurd and does not comport with the legislature’s statement in the 2006 joint resolution that it enacted Act No. 92-601 in response to “a public outcry against so called drive-by shootings ... which murders were gang-related or intended to incite public terror or alarm.”
Accordingly, I urge the legislature to amend Ala.Code 1975, § 13A-5^40(a)(16), so that the plain language of the statute will effectuate the legislature’s intent to combat killings that are “gang-related or intended to incite public terror or alarm.”
MURDOCK, J., concurs.

. As this Court stated in DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 276 (Ala.1998):
"It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers.”